IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) NATHAN TIEFENBRUN, an individual,<br><br>    *Plaintiff,*<br><br>v.<br><br>(1) UNITED HEALTHCARE INSURANCE COMPANY a/k/a UNITEDHEALTHCARE INSURANCE COMPANY, a foreign entity;<br>(2) OPTUM, a foreign entity;<br>(3) OU MEDICINE, INC. and/or<br>(4) HCA HEALTH SERVICES OF OKLAHOMA, INC., domestic entities d/b/a OU MEDICAL CENTER; and<br>(5) PARALLON, a foreign entity,<br><br>    *Defendants.* | Case No. CIV-21-674-F |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, *et seq.*, Defendants UnitedHealthcare Insurance Company ("United") and Optum ("Optum") file this Notice of Removal ("Notice") of this action from State Court to this Court and respectfully states as follows:

1. **State Court Action.** This is an action filed by Plaintiff Nathan Tiefenbrun ("Plaintiff") on May 28, 2021, in the District Court of Oklahoma County, Oklahoma, numbered CJ-2021-2313 (the "State Court Action") on the docket of said court and essentially being a suit by Plaintiff alleging wrongful denial of a claim for medical benefits under a group medical insurance policy.

2.  **Preemption by Federal Law.** As a matter of law, some or all of Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144, which is a law of the United States. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987).

3.  **Original Jurisdiction.** This action is removable under 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 29 U.S.C. §§ 1001, *et. seq.*, on the basis of a federal question. Specifically, Plaintiff seeks to recover payment of benefits under an ERISA-governed employee benefit plan. United issued coverage to Gill Reprographics (the "Employer") under group policy no. GA9K6057BW (the "Group Policy"), and certificates of coverage were issued to the eligible employees. [*See* Declaration attached as Exhibit 1.] By virtue of his employment with the Employer, Plaintiff was eligible for coverage under the Group Policy, subject to the terms and conditions thereof. [*Id.*] The Group Policy states it is governed by ERISA, sets forth the minimum participation requirement, and that the Employer must contribute a minimum of 50% of the premium for each eligible person. [*See* Ex. 1, 12, 19.] The certificate of coverage sets forth the ERISA Statement of Rights. [*See* Ex. 1, 218.] As set forth in the Group Policy and certificate of coverage attached as Exhibits A and B to the Declaration, some of the administrative responsibilities of the Employer include establishing eligibility rules under the Group Policy, determining open enrollment periods, notifying Defendant of changes in enrollment and employee status, notifying eligible persons when coverage ends, notifying Defendant of qualifying events, and the right to any continuation coverage under the Group Policy, providing eligibility

and termination data to Defendant, timely payment of premiums, and furnishing information and proofs reasonably required by Defendant pertaining to the Group Policy. [*See* Ex. 1 at p. 6, 7, 13, 53-56.] The Employer also has the authority to terminate coverage under the Group Policy, and group insurance coverage is contingent upon, among other things, the Employer's compliance with group size participation requirements, premium contribution rules, and timely remittance of premiums. [*See* Ex. 1, at p. 6, 8.] The plan of the Employer is exclusively maintainable under 29 U.S.C. § 1132. First, ERISA governs the plan because the Group Policy and certificates set forth the procedure for eligible participants to obtain medical benefits, subject to the terms and limitations thereof, and is an employer-sponsored employee welfare benefit plan. *See PFulghum v. Embarq Corp.,* 785 F.3d 395, 403 (10th Cir. 2015).

Second, the crux of this case involves complaints regarding unpaid medical expense from medical services rendered to Plaintiff by Defendant OU Medicine, Inc. ("OU Medicine"), while Plaintiff was a participant of the Group Policy. Specifically, the Petition alleges "the medical bills submitted to UHC for payment were covered under the terms and provisions of Plaintiff's insurance agreement with UHC… Plaintiff complied with all of the terms and conditions set forth in the policy to have the medical bills paid by UHC. The submission of the medical bills to UHC for payment was done pursuant to the terms of Plaintiff's health insurance policy. As of the date of the filing of this action, Plaintiff has not been provided a copy of his insurance policy and the denied medical bills with OU Medical Center, which amount to approximately $320,000.00, have not been paid by UHC and remain outstanding… As a result of Defendant UHC's breach of

its insurance agreement, Plaintiff has and continues to suffer damages…" [Petition, ¶16-17, ¶ 27-28.] This claim, of course, depends on the terms of the insurance coverage and is completely preempted, as a matter of law, by ERISA, as 29 U.S.C. § 1132 governs actions under ERISA and provides the exclusive remedy for actions under an ERISA-regulated plan. *See Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 508 (10th Cir. 1991) ("the Supreme Court held that ERISA preempts state common law causes of action that assert improper processing of claims under a benefit plan regulated by ERISA.") ("The Tenth Circuit has given a similarly broad reading to the phrase "relate to" and has found that common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan.") Consequently, this Court has original jurisdiction under 28 U.S.C. § 1331, 28. U.S.C. § 1441, and 29 U.S.C. §§ 1001, *et. seq*. Venue is proper under 28 U.S.C. § 1441(a) because this District and Division encompass the place where the removed action was pending.

4.  **Consent of all Joined and Served Defendants.** Pursuant to 28 U.S.C. § 1446, "all defendants who have been properly joined *and served* must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446 (b)(2)(A) (emphasis added). In addition to United and Optum, the only remaining defendant party *who has been served* in this case is Defendant OU Medicine, which consents to this Notice of Removal and consents to the removal of this case to the U.S. District Court for the Western District of Oklahoma. OU Medicine's written consent is attached. S*ee* Decl. of Christy Hendricks attached hereto as Exhibit 3. As of the date of this Notice of Removal, only United, Optum, and OU Medicine have been served in this case. *See* Exhibit 2 (reflecting service

only on United, Optum, and OU Medicine). At present date, Parallon has not been served in this case; therefore, its consent to this Notice of Removal is unnecessary. *See, e.g., Davis v. BOKF NA*, No. 17-CV-0637-CVE-JFJ, 2018 WL 438923, at *4 (N.D. Okla. Jan. 16, 2018) (holding that removal was proper without all of the defendants' consent, since the nonmovant defendants had not been *served* with the first amended petition) (emphasis added); *see also Thomson v. Oklahoma Emp't Sec. Comm'n*, No. CIV-12-525-M, 2012 WL 13085320, at *1 (W.D. Okla. Aug. 15, 2012) ("a defendant who has not been served is not required to join or consent to the action").

5. **State Court Documents Attached.** United and Optum were served with process on June 4, 2021. This removal is timely under 28 U.S.C. § 1446(b). Filed simultaneously herewith as Exhibit 2 is an Index of State Court Documents. Pursuant to Local Rule R81.2, United and Optum state that there are not currently any motions pending in the State Court Action.

6. **Notice.** United and Optum will give notice of filing of the Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d) and will file with the state court a notice of filing this Notice of Removal.

7. **Prayer.** Wherefore, Defendants pray that the United States District Court for the Western District of Oklahoma accept this Notice of Removal, assumes jurisdiction of this cause, and issues such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof, and that it grant such other and further relief as may be necessary.

Dated: July 2, 2021                 Respectfully submitted,

By: /s/ Christopher A. Barrow
    Christopher A. Barrow
    OK Bar No. 20027
    cbarrow@barrowgrimm.com
    **BARROW & GRIMM, P.C.**
    110 W. 7th, Suite 900
    Tulsa, Oklahoma 74119
    T: (918) 584-1600
    F: (918) 585-2444

    Andrew G. Jubinsky, *PHV* to be filed
    Texas Bar No. 11043000
    andy.jubinsky@figdav.com
    Nicole H. Muñoz, *PHV* to be filed
    Texas Bar No. 24098153
    nicole.munoz@figdav.com
    **FIGARI + DAVENPORT, LLP**
    901 Main Street, Suite 3400
    Dallas, Texas 75202
    T: (214) 939-2000
    F: (214) 939-2090

    **ATTORNEYS FOR DEFENDANTS**
    **UNITEDHEALTHCARE INSURANCE COMPANY**
    AND OPTUM**

## CERTIFICATE OF MAILING

I hereby certify that on this 2nd day of July, 2021, I mailed a copy of the above and foregoing instrument by certified mail, return receipt requested, to:

| | |
|---|---|
| Patrick F. Collogan | Charles E. Geister III |
| Jacob W. Biby | Kurt M. Rupert |
| BIBY LAW FIRM | HARTZOG CONGER CASON LLP |
| 1646 S. Denver Ave. | 201 Robert S. Kerr Ave., Suite 1600 |
| Tulsa, OK 74119 | Oklahoma City, Oklahoma 73102 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant OU Medicine, Inc.* |

*/s/ Christopher A. Barrow*
Christopher A. Barrow